Plaintiff in error, the holder of an irregular route certificate authorizing transportation of property on call of the public over irregular routes to and from Troy, Ohio, made application for a certificate of public convenience and necessity to transport property, as a motor transportation company, over a' regular route extending between Piqua, Troy and Dayton, over U. S. Route 25. Protests were filed by The Cincinnati, Middletown & Dayton Motor Freight, Inc., The Cincinnati & Lake Erie Bus Company and The Pennsylvania Railroad Company.
 

 On July 30, 1934, the Public Utilities Commission, after hearing, found that the public convenience and necessity required the operation by the applicant, issued an order granting a regular route certificate as prayed for and denied the application of protestants for a rehearing.
 

 Protesting motor transportation companies filed a petition in error in this court, together with an application for a stay of execution of the order of the commission. Having granted the regular route certificate without giving to existing carriers operating in the territory the sixty-day period provided by Section 614-87, General Code, within which to improve
 
 *408
 
 their service, the commission vacated its order of July 30, 1934, granting the certificate.
 

 On October 18, 1934, the Public Utilities Commission issued a new order which found that the regular transportation service proposed to be furnished by plaintiff in error was required by public convenience and necessity between Piqua, Troy and Dayton, and found that the service furnished by the protestants was inadequate, but gave existing carriers in the territory the statutory period within which to improve their services to meet the public convenience and necessity which the commission found existed. The commission ordered that further consideration of the matter be deferred to a date named, when the commission would receive and consider reports of the protestants of their compliance with the provisions of that order.
 

 When the matter came on for further hearing it developed that The Cleveland, Columbus & Cincinnati Highway, Inc., had purchased the certificate of The Cincinnati, Middletown
 
 &
 
 Dayton Motor Freight, Inc.; plaintiff in error had amended his application by striking that portion of the route between Troy and Piqua from the original description of the route attached to his application, which left in issue only the route and service between Troy and Dayton; and The Cincinnati & Lake Erie Bus Company had filed an application to serve Piqua, Troy and Dayton.
 

 Thereafter the Public Utilities Commission issued a finding that its order of October 18, 1934, was erroneous and ordered it rescinded, set aside and held for naught. The commission found that existing carriers were furnishing adequate and sufficient service to meet the public convenience and necessity in the territory, and that the public convenience and necessity did not require the proposed operation by the plaintiff in error. The commission therefore ordered that the application of the plaintiff in error be dis
 
 *409
 
 missed, and he prosecuted error proceedings to this court.
 

 On consideration whereof, it is ordered and adjudged that the order of the Public Utilities Commission is not unlawful and unreasonable, and it is therefore ordered and adjudged that its order be, and the same hereby is, affirmed.
 
 Scioto Valley Ry. & Power Co.
 
 v.
 
 Public Utilities Commission,
 
 115 Ohio St., 358, 154 N. E., 320; and
 
 New York Central Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 370, 175 N. E., 596.
 

 Order affirmed.
 

 "Weygandt, C. J., Stephenson, Williams, Matthias, Day and Zimmerman, JJ., concur.
 

 Jones, J., not participating.